**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CHRISTOPHER D. FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

**STIPULATION AND ORDER REGARDING CONFIDENTIALITY**

The parties hereby stipulate and agree to the following provisions in order to expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, protect adequately material entitled to be kept confidential, and insure that protection is afforded only to material so entitled.

1. As used herein, the following words are defined as follows:

   (a) "these cases" or "this litigation" shall mean the civil actions captioned <u>B. Kurt Price, et al. v. L. Aaron Chaffinch, et al.</u>, No. 04-cv-956 (D. Del.) and <u>Christopher D. Foraker v. L. Aaron Chaffinch, et al.</u>, No. 04-cv-1207 (D. Del.);

-2-

    (b) "the parties" shall mean plaintiffs B. Kurt Price, Wayne Warren, and Christopher D. Foraker and defendants L. Aaron Chaffinch, Thomas MacLeish, David Mitchell, and the Division of State Police, Department Homeland Security, State of Delaware;

    (c) "this Court" or "Court" means the District of Delaware;

    (d) "disclosed," "furnished" or "submitted" means, without limitation, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part;

    (e) "document" means all written, recorded, or graphic material, whether produced or created by a party or another person, whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise, and including without limitation interrogatory answers, responses to requests for admission, deposition transcripts and exhibits, pleadings, motions, affidavits, and briefs that quote, summarize, or contain materials entitled to protection; and

    (f) "stamped confidential document" means any document which bears the legend "CONFIDENTIAL" to signify that it contains information believed to be subject to protection under Rule 26(c).

  2. The parties agree that this Stipulation shall be entered as an Order of the Court.

  3. <u>Confidential Documents</u>:  The parties stipulate that the following are confidential documents subject to the conditions set forth in this Stipulation and Order:

    (a) any documents containing, setting forth, or referring to the medical history, evaluations, tests, or other medical information of any employee of the State of Delaware; and

    (b) any documents comprising the personnel file of any employee of the State of Delaware; and

(c) any documents containing, setting forth, or referring to the personal wealth, worth, or financial status or condition of any of the parties.

4. <u>Non-disclosure of Stamped Confidential Documents</u>.  Except as hereinafter provided under this Stipulation and Order, no stamped confidential document may be disclosed to any person for any reason.

5. <u>Permissible Disclosures</u>.  Notwithstanding Paragraph 4, stamped confidential documents may be disclosed to the following persons:

(a) counsel for the parties in this action who are actively engaged in the conduct of this litigation and the partners, associates, secretaries, paralegal assistants, and employees of such an attorney to the extent reasonably necessary to render professional services in this litigation;

(b) court officials involved in this litigation (including court reporters, persons operating video recording equipment at depositions, and any special master appointed by the court) and any person designated by the court in the interest of justice, upon such terms as the court may deem proper; and

(c) persons noticed for depositions or designated as trial witnesses to the extent reasonably necessary in preparing to testify; to outside consultants or experts retained for the purpose of assisting counsel in the litigation; provided, however, that in all such cases the individual to whom disclosure is to be made has signed and served on all parties, prior to disclosure, a form, attached as Exhibit A, containing –

(i) a recital that the signatory has read and understands this Stipulation and Order;

    (ii) a recital that the signatory understands that unauthorized disclosures of the stamped confidential documents constitute contempt of Court; and

    (iii) a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

  6. <u>Declassification</u>. A party may apply to the court for a ruling that a document stamped as confidential is not entitled to such status and protection. The party or other person that designated the document as confidential shall be given notice of the application and an opportunity to respond. To maintain confidential status, the proponent of confidentiality must show by a preponderance of the evidence that there is good cause for the document to have such protection.

  7. <u>Confidential Information in Depositions</u>.

   (a) Notwithstanding Paragraph 5(c), a deponent may during the deposition be shown, and examined about, stamped confidential documents if :

    (i) the deponent already knows the confidential information contained therein, or

    (ii) prior to being shown such confidential information, the deponent be advised of the terms and conditions of this Stipulation and Order. Moreover, the deponent must answer affirmatively while under oath the following series of questions on the record by counsel seeking to disclose the confidential documents:

     (1) whether the deponent has been provided with a copy of and has read this Stipulation and Order;

     (2) whether the deponent understands the provisions of the Stipulation and Order;

      (3) whether the deponent agrees to comply with and to be bound by the provisions of the Stipulation and Order;

      (4) whether the deponent agrees that he or she shall use confidential discovery material only for purposes of this litigation and for no other purpose;

      (5) whether the deponent agrees that he or she shall not disclose any information designated as confidential pursuant to the Stipulation and Order to anyone other than persons certified in writing by counsel of record in this litigation as being permitted to have access to such information pursuant to the terms of the Order; and

      (6) whether the deponent – unless such deponent is an expert or consultant retained by a party or his counsel to perform services solely related to this action – agrees that he or she shall not be permitted to retain copies of any confidential discovery materials.

   (b) Parties (and deponents) may, within 15 days after receiving a deposition, designate pages of the transcript (and exhibits thereto) as confidential. Confidential information within the deposition transcript may be designated by underlining the portions of the pages that are confidential and marking such pages with the legend "Confidential." Until expiration of the 15-day period, the entire deposition will be treated as subject to protection against disclosure under this Stipulation and Order. If no party or deponent timely designates confidential information in a deposition, then none of the transcript or its exhibits will be treated as confidential; if a timely designation is made, the confidential portions and exhibits shall be filed under seal separate from the portions and exhibits not so marked.

  8. <u>Confidential Information at Trial</u>. Subject to the Federal Rules of Evidence, stamped confidential documents and other confidential information may be offered in evidence

at trial or any court hearing, provided that the proponent of the evidence gives five days' advance notice to counsel for the party or other person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at the trial. Use of confidential documents at trial will be addressed at the pre-trial conference.

9. <u>Subpoena by Other Courts or Agencies</u>. If another court or an administrative agency subpoenas or orders production of stamped confidential documents which a party has obtained under the terms of this Stipulation and Order, such party shall promptly notify the party or other person who designated the document as confidential of the pendency of such subpoena or order.

10. <u>Filing</u>. Stamped confidential documents need not be filed with the Clerk except when required in connection with motions under Rules 12 or 56 of the Federal Rules of Civil Procedure or other matters pending before the Court. If filed, they shall be filed under seal and shall remain sealed while in the office of the Clerk so long as they retain their status as stamped confidential documents.

11. <u>Client Consultation</u>. Nothing in this Stipulation and Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of stamped confidential documents; provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of any item so designated except pursuant to the procedures of Paragraph 5(c).

12. This Stipulation and Order has no effect upon, and shall not apply to, the parties' use of their own confidential documents for any purpose.

13. Nothing herein shall impose any restrictions on the use or disclosure by a party of documents, materials, or information designated as confidential obtained lawfully by such party independently of the discovery proceedings in this litigation.

14. Use.  Persons obtaining access to stamped confidential documents under this Stipulation and Order shall use the information only for preparation and trial of this litigation (including appeals and retrials), and shall not use such information for any other purpose, including personal, business, governmental, commercial, or administrative, or judicial proceedings.

15. Non-Termination.  The provisions of this Stipulation and Order shall not terminate at the conclusion of these actions.  After the final conclusion of all aspects of this litigation, counsel for the party that produced stamped confidential documents may request that all stamped confidential documents and all copies of same (other than exhibits of record) be returned to the party or person which produced such documents or, at the option of the producer (if it retains at least one copy of the same), destroyed.  The party in possession of stamped confidential documents shall:

    (a) deliver the documents to counsel for the party who produced the documents or destroy such documents, as requested; and

    (b) certify that it has complied with the request to return or destroy the documents.  Such certification shall be made not more than forty-five (45) days after the request to return or destroy documents has been made.

16.     <u>Modification Permitted</u>.  Nothing in this Stipulation and Order shall prevent any party or other person from seeking modification of this Stipulation and Order or from objecting to discovery that it believes to be otherwise improper.

17.     <u>Responsibility of Attorneys</u>. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Stipulation and Order, duplication of, access to, and distribution of copies of stamped confidential documents.  Parties shall not duplicate any stamped confidential document except working copies and for filing in court under seal.

18.     <u>No Waiver</u>.

(a)     Review of the confidential documents and information by counsel, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

(b)     The inadvertent, unintentional, or in camera disclosure of confidential documents or information shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claim of confidentiality.

19.     Nothing contained in this Stipulation and Order and no action taken pursuant to it shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential documents and information sought.

IT IS SO STIPULATED.

| | |
|---|---|
| _____*/s/ Noel C. Burnham*_____ | _____*/s/ Stephen J. Neuberger*_____ |
| Richard M. Donaldson (DE Bar I.D. #4367) | Thomas S. Neuberger (DE Bar I.D. # 243) |
| Noel C. Burnham (DE Bar I.D. #3483) | Stephen J. Neuberger (DE Bar I.D. # 4440) |
| Montgomery, McCracken, | The Neuberger Firm, P.A. |
|    Walker & Rhoads, LLP | Two East Seventh Street, Suite 302 |
| 300 Delaware Avenue, Suite 750 | Wilmington, DE 19801 |
| Wilmington, DE 19801 | |
| | |
| Edward T. Ellis | Martin D. Haverly (DE Bar I.D. # 3295) |
| Robert J. Fitzgerald | Martin Duane Haverly, Attorney at Law |
| Montgomery, McCracken, | Two East Seventh Street, Suite 302 |
|    Walker & Rhoads, LLP | Wilmington, DE 19801 |
| 123 South Broad Street | |
| Philadelphia, PA 19109 | *Counsel for Plaintiffs* |
| | |
| *Counsel for Defendants* | |

This matter having come before the Court upon the above Stipulation of the parties hereto and the Court having reviewed the Stipulation of the parties and being fully advised in the premises, and good cause appearing for the entry of the Stipulation as an Order of the Court:

**IT IS HEREBY ORDERED** that the Stipulation of the parties set forth above is hereby entered as an Order of the Court this _____ day of _____, 2005.

 

                                                                        Gregory M. Sleet, U.S.D.J.

**EXHIBIT A**
(Declaration)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| CHRISTOPHER D. FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

I, _____, hereby certify that:

      I have read the Stipulation and Order Regarding Confidentiality entered in the above-captioned action and understand its terms.

    1.    I agree to be bound by the terms of the Stipulation and Order Regarding Confidentiality. I agree to use the information provided to me in this case only for purposes of this litigation.

2.      I understand that my failure to abide by the terms of the Stipulation and Order Regarding Confidentiality entered in the above-captioned action may subject me, without limitation, to civil and criminal penalties for contempt of court.

3.      I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Stipulation and Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.


Date:_____        Signature:_____

Print Name:_____