IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| B. KURT PRICE, et al., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | C.A. No. 04-956-GMS |
| v. | : | |
| | : | |
| L. AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

_____

| | | |
|---|---|---|
| CHRISTOPHER FORAKER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No. 04-1207-GMS |
| v. | : | |
| | : | |
| AARON CHAFFINCH, et al., | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO
CONSOLIDATE THE TRIAL OF THESE TWO CASES
PURSUANT TO RULE 42(a), FED. R.CIV. P.**

**I.   INTRODUCTION**

These actions, consolidated for discovery purposes, arise under 42 U.S.C. § 1983 and the First Amendment to the United States Constitution, as well as the common law of Delaware. Plaintiffs Christopher Foraker, Kurt Price and Wayne Warren are Delaware State Troopers presently assigned to the Firearms Training Unit ("FTU"). They allege in this action that the defendants, the current and immediate past superintendents of the Delaware State Police, retaliated against them for their exercise of free speech and petition rights by making comments about them to the press, altering one of the plaintiffs' job responsibilities, placing two plaintiffs

who had suffered severe hearing loss on rehabilitation status, and directing those two plaintiffs to separate from the DSP.  Plaintiff Foraker individually asserts that he has been defamed by the press comments.

These lawsuits have a common plaintiff, Chris Foraker, who joined two of his subordinate troopers to be a plaintiff in Price, et al v. Chaffinch, et al., Civ. No. 04-956, and then brought his own action in Foraker v. Chaffinch, et al., Civ. No. 04-1207.  The cases have very different predicates, and the actions of the defendants are alleged to have caused different damages.  The common element is that both cases play out against the background of the DSP indoor firing range during the winter and spring of 2003-2004.  In the Price case, all three plaintiffs allege that they spoke out internally and to the Delaware State Auditor of Accounts between December 2003 and July 2004 about working conditions at the DSP firing range, and that defendants Chaffinch and MacLesh retaliated against them for doing so.  In the Foraker action, the Plaintiff starts with his successful prosecution of an action against Chaffinch for transferring him out of the FTU in 2002, and alleges that Chaffinch and MacLeish retaliated against him for that first law suit.  In the Foraker action, all the predicates occurred prior to any of the events in the Price case.

The Court consolidated these actions for discovery.  The plaintiffs now move pursuant to Rule 42(a), Fed. R. Civ. P. to consolidate the cases for trial.  It is the position of the defendants that, as the cases now stand, it is appropriate for the court to consolidate Foraker's claims in the Price case, No. 04-956, with Foraker's claims in his own lawsuit, No. 04-1207, pursuant to Rule 42(a).  However, the court should then separate Foraker's claims in both cases from those of Price and Warren, and try Foraker separately, pursuant to Rule 42(b).

The defendants also submit that the court should wait until after it decides the pending summary judgment motions to decide the alignment of the parties and the number of trials it will conduct, because the disposition of parts of the cases on summary judgment may affect the prejudice the defendants would suffer if all claims were to be tried together.

II. **DISCUSSION: THE COURT SHOULD RECONFIGURE THESE CASES SO THAT FORAKER'S TWO CASES ARE TRIED TOGETHER, BUT SEPARATE FROM THE PRICE AND WARREN TRIAL**

   A. **The Factual Background Of The Foraker Case Is More Extensive And Mostly Unrelated To The Factual Background Of The Price And Warren Case.**

Foraker filed his first lawsuit, the predicate for Case No. 04-1207, in April 2002. The parties tried the case before the Honorable Joseph J. Farnan in June 2003, and a jury returned a verdict in Foraker's favor. There was substantial media coverage of the trial and the verdict. To further complicate matters, the parties to the first Foraker lawsuit agreed to return Foraker to the FTU as part of a post-verdict settlement. The events surrounding this prior suit provide an impressive amount of evidence from which Foraker can argue that Aaron Chaffinch was motivated to retaliate against Plaintiff Foraker. None of these facts has anything to do with Price and Warren, who were working the FTU during Foraker's first trial and became his subordinates when Foraker returned in December 2003.

Price and Warren are first-time litigants. There is virtually no evidence that either Chaffinch or his successor Defendant MacLeish had a motive to retaliate against Price or Warren. Neither Price nor Warren made internal complaints about the conditions at the range that reached the level of the executive staff of the DSP. Foraker is the sole author of the internal complaints from December 2003 until May 2004, when all three plaintiffs were interviewed by the State Auditor. If the court hears these cases as one with a single jury, Price and Warren will

benefit from the motivation evidence in Foraker's case; the jury will think that because the Defendants had a motive to do something bad to Foraker, they must have had a motive vis-à-vis Price and Warren. This is unfairly prejudicial because Price and Warren were not parties to Foraker's first lawsuit, and evidence of Foraker's first lawsuit would not be admissible under Rule 404, Fed. R. Evid., absent consolidation of Foraker's own case, No. 04-1207, with the Price-Warren action.

        **B.**    **Foraker's Damages Are The Same In His Two Cases, But They Are Different From Price's Damages and Warren's Damages.**

Foraker has suffered no adverse employment action. He is presently on disability leave, but when his leave ends, he will return to the FTU. He has lost no pay, status, or benefits associated with his employment. His damages are reputational and emotional with a wage component in that he contends that, after he retires from the DSP in 2017, he will not be able to get as good a job.

Price and Warren present a different picture. Four doctors and the Plaintiffs themselves have agreed that they have substantial hearing loss. Two doctors have found them no longer fit for duty as police officers, and the Plaintiffs agree with this finding. They contend that but for their "speaking out" on matters of public concern, the DSP would carry them in make-work or light-duty jobs until they are 55-years old, the mandatory retirement age. Trial of their case will involve medical testimony and evidence on other troopers who have had injuries over the past 25 years. At some point the DSP will separate them from service. Whether they receive disability retirement from the State of Delaware depends on whether they apply for it. Because they will ultimately lose their jobs, their real financial losses are far more significant than Foraker's. None of this has anything to do with Foraker.

In a nutshell, Foraker has substantial evidence that Colonel Chaffinch had a bad motive, but he has no significant compensable injury, no hearing loss and no wage loss up to the time of trial.  Price and Warren, on the other hand, can present very little motive evidence against the defendants but, if they can prove disparate treatment, wage loss will be a significant element of damages.  In that respect, it is likely that the jury will have more sympathy for them than for Foraker, who has suffered no physical impairment and who still has a job.  It is defendants' view that the jury might easily allow evidence involving Foraker to spill over onto Price-Warren, or vice versa, thereby causing unfair prejudice to the defendants in both cases.

      C.      **<u>Common Evidence, Separate Evidence, and Joinder of Foraker's Claims</u>**

The defendants acknowledge that the cases as currently configured have common witnesses.  However, their testimony would not overlap as much as Plaintiffs contend if the Court were to try Foraker's two claims separately from the Price and Warren claims.  Testimony about the first Foraker trial, the verdict and the press coverage of the verdict and the parties' reaction to the verdict would be inadmissible in the Price and Warren trial.  Similarly, the evidence of Price and Warren's hearing loss is not relevant to Foraker's case and the manner in which the DSP has treated other injured troopers, which is extensively briefed in the parties' Motions for Summary Judgment in No. 04-956, would not be admissible in Foraker's case.  Furthermore, damages testimony would not overlap.  As noted above, most the events at the range during December 2003 and the first half of 2004 are relevant to both cases.  However, all events may not be relevant to both cases, depending on whether the court limits the cases during the summary judgment phase.

Finally, defendants urge the court to try Foraker's two cases together because it is impossible for Foraker or anyone else to distinguish between alleged retaliatory actions resulting from his prior lawsuit and alleged retaliatory actions arising out of his activities at the firing

range once he returned. Retaliation for either reason is unlawful if it can be proved that any retaliation actually occurred. Consolidation of Foraker's claims would eliminate the possibility of a double recovery.

### III. CONCLUSION

The Court should abstain from considering the Rule 42 issues in these cases only after it has decided the pending summary judgment motions and allow the parties to address Rule 42 issues within ten (10) days after it decides the summary judgment motions.

Respectfully submitted,

Date: February 8, 2006

/s/ Noel C. Burnham
Noel C. Burnham (DE Bar No. 3483)
Richard M. Donaldson (DE Bar No. 4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
Telephone: (302) 504-7840
Facsimile: (302) 504-7820

Edward T. Ellis
Robert J. Fitzgerald
Montgomery, McCracken,
  Walker & Rhoads, LLP
123 South Broad Street
Philadelphia, PA 19109
(215) 772-1500

*Counsel for Defendants L. Aaron Chaffinch, Thomas F. MacLeish, David B. Mitchell, and the Division of State Police, Department of Safety and Homeland Security, State of Delaware*

## CERTIFICATE OF SERVICE

This is to certify that two (2) copies of Defendants' Response to Plaintiffs' Motion to Consolidate the Trial of These Two Cases Pursuant To Rule 42(A), Fed. R.Civ. P. were served by hand delivery this 8th day of February 2006 on:

>Thomas Stephen Neuberger, Esquire
>Stephen J. Neuberger, Esquire
>The Neuberger Firm, P.A.
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801
>
>Martin D. Haverly, Esquire
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801-3707
>
>*Attorneys for Plaintiffs*

>  /s/ Noel C. Burnham
> Noel C. Burnham (DE Bar No. 3483)

2047533v1