IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO CONSOLIDATE THE TRIAL OF THESE TWO CASES PURSUANT TO FED.R.CIV.P. 42(a)**

Defendants do not contest the law of consolidation that plaintiffs presented in their opening motion. Instead, they assert there is not enough overlap between the two cases to merit consolidation. Conversely, defendants do see substantial overlap and also ask the Court to sever Sgt. Foraker as a plaintiff from the Price action and consolidate his claims into his later action.

**A. Defendants Failed to File a Motion to Consolidate or Sever.** Plaintiffs strongly oppose the improper defense request to forcibly remove and sever Sgt. Foraker as a plaintiff in the Price action and then consolidate his claims into the Foraker action. In the Court's Rule 16 Scheduling Order and in its limited subsequent amendments, the Court ordered that if a party

wished to file a motion to consolidate, it was required to do so by the case dispositive motions deadline - which was January 25, 2006. Defendants failed to file any such motion. Accordingly, the defense request to first sever and then consolidate is untimely and should be denied. It is plaintiffs who timely and properly filed a motion to consolidate the cases. It is their motion that is currently pending before the Court and which is at issue. By failing to file a timely motion, defendants waived their ability to seek severance or limited consolidation of these cases.[1]

**B. Common Questions of Fact and Law Require That These Cases Be Consolidated.**

**1. There is Heavy Overlap in Witnesses and Evidence.** Defendants attempt to downplay the evidentiary overlap in their response. ("AB" at 5). Yet defendants own summary judgment opening briefs in both the Price and Foraker actions tell a different tale. The Statement of Facts are nearly identical, both in scope, structure and substance. They are nearly identical because of the significant factual overlap between the cases. Each discusses in depth the conditions at the FTU past and present and the cause of those conditions. Thus, as defendants' own briefing concedes, all of this is evidence that will need to be presented in both actions.

This same summary judgment briefing also has revealed defendants' primary defense to both the Foraker and Price actions - that the plaintiffs are responsible for the conditions at and destruction of the FTU. To rebut this, in both cases plaintiffs will have to call all of the same witnesses and rely upon the same documents to prove that it was not plaintiffs who destroyed the

---

[1] Notably, permitting Sgt. Foraker to be severed as a plaintiff in the Price action and then consolidating his Price claims into the Foraker action will cause an entire new host of problems. The main one being that all of the evidence relating to plaintiffs' speech about the disastrous conditions at the FTU would then have to be presented in both the Price and Foraker trials. Thus, even more time and judicial resources will be required to try the ever growing Foraker action.

FTU.

As review of plaintiffs' own summary judgment briefing reveals, there are innumerable cross-references in the briefs. The <u>Price</u> briefing incorporates by reference significant portions of the <u>Foraker</u> briefing, and visa-versa. This was done during briefing so as not to overburden the Court with redundant briefs discussing the same factual issues - the historical problems at the FTU, the causes of those problems, defendants' public attacks on plaintiffs, and so forth. Yet plaintiffs will not have the luxury of cross-referencing at trial. Instead, plaintiffs will have to present nearly all of the same evidence, in two different trials, to two different juries.[2] Given the substantial overlap in evidence, this is a waste of the Court's time and resources. Consolidation solves the problem created by this substantial overlap in evidence.

Defendants apparently do not contest that on the issue of liability, the following list of 13 witnesses will need to be called to testify at trial in both the <u>Price</u> and <u>Foraker</u> actions.

- Defendant Col. Chaffinch
- Defendant Col. MacLeish
- Plaintiff Sgt. Foraker
- Plaintiff Cpl/3 Price
- Plaintiff Cpl/3 Warren
- Major Randall Hughes
- Ret. Major David Baylor
- Ret. Major Joseph Forester

---

[2] Defendants concede that "most of the events at the range during December 2003 and the first half of 2004 are relevant to both cases." (AB at 5).

- Capt. Glenn Dixon

- Capt. Ralph H. Davis, III

- Capt. Nathaniel McQueen, Jr.

- Ret. Capt. Gregory A. Warren

- Lt. Joseph Aviola

Absent consolidation, these 13 liability witnesses will each have to carve at least two days out of their schedules, come to Wilmington and testify during the trial. And again, these are only the liability witnesses.[3] There are numerous expert witnesses who, absent consolidation, will also have to carve time out of their schedules to come to court to testify in both cases. These experts include.

- Carol A. Tavani, M.D. - plaintiffs' psychiatric expert in both cases.

- Thomas Borzilleri, Ph.D. - plaintiffs' economic expert in both cases.

- Mr. Jose Castro - plaintiffs' vocational expert in both cases.

Each of these busy professionals will have to carve an additional day out of their schedules so that they can testify in both cases. No doubt Dr. Tavani's patients and heavy caseload at Christiana Hospital will suffer as a result of her having to be away from them for not just one, but two days.

Yes, Sgt. Foraker's protected speech in his individual suit is his earlier filed lawsuit. But all of the retaliation against him occurred after he was reinstated to the FTU on December 1,

---

[3] It appears that Major Joe Papili, Captain John Yeomans and retired DSP Director of Personnel John Dillman will only need to testify in the Price action. However, defendants' retaliatory efforts in continuing to send Sgt. Foraker for more fitness for duty exams, despite the fact that he kept passing the exams, may ultimately require that Yeomans and Dillman be called to testify to this form of retaliation.

2003. Immediately upon his reinstatement he and Cpls. Price and Warren began to speak out about the hazardous conditions at the FTU. Defendants' long course of retaliation began soon thereafter. And plaintiffs suffered from much of the same retaliation. For example, all were publicly blamed for the conditions at the FTU. All were maliciously gagged by defendants and not permitted to defend themselves from defendants' public attacks. All were singled out and sent for numerous fitness for duty exams.

The defense claim that damages testimony does not overlap is equally without merit. (AB at 5). Each plaintiffs' future job prospects have been irreparably damaged by defendants' public attacks on them. Each has since been found to be unfit for duty for psychiatric reasons due to the retaliation against them in the workplace - as defendants' own recently produced internal medical reports confirm. As the Answers to Interrogatories revealed, each has suffered in similar ways physically, emotionally, mentally and otherwise. Each has had their good names slandered throughout the close-knit Delaware police community and each has been publically attacked and humiliated on a local, regional and national scale by defendants' slanderous accusations.

**2. Defendants Have Misrepresented the Record.** Throughout their response defendants misrepresent the record evidence relating to these two companion cases. For example, they claim that Sgt. Foraker is the "sole author" of plaintiffs' speech from December 2003 through May 2004. (AB at 3). This is plainly false. As discussed in the voluminous summary judgment brief, all three plaintiffs were speaking out about the hazardous conditions at the FTU.

Similarly, the defense claim that Sgt. Foraker has suffered no adverse action (AB at 4) is false, as also revealed by the extensive summary judgment briefing.

Continuing, defendants incorrectly claim that there is no evidence that defendants had a motive to retaliate against plaintiffs Price and Warren. (AB at 3). But again, that is not our record. The record instead reveals extensive testimony demonstrating that defendants were angered and upset by the fact that plaintiffs Price, Warren (and Foraker) were speaking out, both up the chain of command and later to the State Auditor. To use MacLeish's own words, he thought that plaintiffs were "real pain in the ass" because they were speaking out about health and safety concerns. The motive to retaliate is simple - defendants were angered by plaintiffs' speech and sought to silence them.

In the same way, defendants are again wrong as to their damages assertions. (AB at 4-5). They claim that Sgt. Foraker "has no significant compensable injury" when compared to Master Corporals Price and Warren. (AB at 5). But again, that is not our record. Although Foraker is not scheduled to be fired the way that Price and Warren are, as to financial injury, defendants neglect to mention that the extensive expert reports from plaintiff's (1) economic expert, (2) vocational expert and (3) firearms industry expert, which together reveal that Sgt. Foraker has suffered significant financial loss as a result of his reputation being destroyed nationally and that no future employer in the firearms industry (and few outside of it) will touch him with a ten foot pole. He is now locked into much less prestigious and much lesser paying jobs once he does retire or once defendants' succeed in their efforts to constructively discharge him. Other record evidence (from experts and lay witnesses) that has not been the focus of summary judgment briefing similarly reveals that a jury will be able to return a very large damages award to compensate Sgt. Foraker for his emotional distress, humiliation and significant injury to his reputation. Thus, the defense claim that Sgt. Foraker has suffered no compensable injury is

simply wrong.

        **3. Prejudice to Defendants.** The only prejudice defendants have been able to articulate is a fear that a jury will use liability evidence that benefits Sgt. Foraker to wrongly benefit Cpls. Price and Warren (AB at 3-4), or visa-versa. (AB at 5). Apparently out of state counsel do not have much experience with Delaware juries. It cannot be presumed that a jury will not follow the instructions that the Court gives it when it comes to applying the law to the facts and only reaching conclusions based on the evidence presented.

Of course, if there really is as little evidence to support plaintiffs' claims in Price as defendants' suggest, as they have always done, defendants will make use of motions for a directed verdict or JNOV if there is insufficient evidence to support a jury finding or a jury verdict. In addition to the Court's own jury instructions, these procedural barriers are present to prevent passion or prejudice from infecting the jury's findings.

## Conclusion

Plaintiffs have met their burden of clearly demonstrating that consolidation of these similar cases for trial will serve the interests of justice, judicial economy and judicial efficiency. Defendants are unable to articulate a legally cognizable prejudice that they would suffer from consolidation. As a result, these cases should be consolidated.

        Respectfully Submitted,


        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

        **MARTIN D. HAVERLY, ESQ. (#3295)**
        **MARTIN D. HAVERLY, ATTORNEY AT LAW**
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801
        (302) 654-2255
        Martin@HaverlyLaw.com

Dated: February 15, 2006        Attorneys for Plaintiffs

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on February 15, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Robert Fitzgerald, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>
>Richard M. Donaldson, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

FTU/ Pleadings / FTU - Motion to Consolidate Final