IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **COLONEL L. AARON CHAFFINCH,** individually and in his official capacity as Superintendent of the Delaware State Police; **LIEUTENANT COLONEL THOMAS F. MACLEISH,** individually and in his official capacity as Deputy Superintendent of the Delaware State Police; **DAVID B. MITCHELL,** in his official capacity as the Secretary of the Department of Safety and Homeland Security of the State of Delaware; and **DIVISION OF STATE POLICE, DEPARTMENT OF SAFETY AND HOMELAND SECURITY, STATE OF DELAWARE,** | : : : : : : : : : : : : | C.A.No.04-1207-GMS |
| | : | |
| **Defendants.** | : | |

**PLAINTIFF'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT ON COUNTS I AND II**

**A. Defendants' Admissions and Concessions.**

**1. Plaintiff Engaged in Protected First Amendment Activity.** In their Answering Brief ("AB") defendants do not contest the fact that plaintiff engaged in protected First Amendment speech and petition clause activity. (AB at 8). Given that this is an issue of law on which plaintiff expressly moved in his opening brief and motion (OB at 31-35, 39-40), this matter is now ripe for adjudication. In light of defendants' surrender of the field on this issue, the Court may now rule as a matter of law that the filing, successful prosecution and ultimate settlement of plaintiff's lawsuit is protected by the First Amendment.

**2. Defendants Would Not Have Made the Same Decisions Anyway.**

Similarly, no where in the defense Answering Brief have they contested or challenged another First Amendment issue that plaintiff moved on in his opening brief and motion - that defendants waived any Mt. Healthy affirmative defense they would have made the same decision anyway, even if they had not been acting illicitly. (See OB at 38-39). Accordingly, the Court may now rule as a matter of law that as to plaintiff's free speech and petition clause counts, defendants have waived their Mt. Healthy affirmative defense.

**3. Defendants' Illicit Motivations.** Although defendants generally aver that neither Chaffinch nor MacLeish had any illicit motivations to retaliate against Sgt. Foraker as a result of his earlier successful lawsuit (AB at 15), they have admitted something quite to the contrary in another brief that they recently filed. In defendants' response in opposition to plaintiffs' motion to consolidate the trial of this case with the companion Price action, defendants conceded that -

> The events surrounding [Sgt. Foraker's] prior suit provide an impressive amount of evidence from which Foraker can argue that Aaron Chaffinch was motived to retaliate against Plaintiff Foraker.

(D.I. 78 at 3) (emphasis added). Plaintiff wholeheartedly agrees with this earlier defense characterization as to the massive amount of causal evidence as to Chaffinch's illicit motives on this issue. As discussed in plaintiff's earlier briefs, there also is a noteworthy amount of evidence linking defendant MacLeish as well.

**4. Sgt. Foraker is a Section Chief.** Despite defendants' continued claims that Sgt. Foraker is not a section chief (AB at 13), plaintiff again notes that defendants themselves have previously twice admitted the opposite - that Sgt. Foraker is the section chief of the FTU in

their Answer. In defendants' own words -

> It also is admitted that Plaintiff is the section chief and commander of the FTU, a subsection within the DSP Academy.

(Compl. & Ans. ¶ 58; A22,44; accord Compl. & Ans. ¶ 3; A9-10,37). Defendants' belated denials to the contrary ring hollow.

**B. Reliance on Plaintiff's Earlier Briefing.** Having reviewed the rest of the defense answering brief in opposition to plaintiff's motion for summary judgment (D.I. 76), it is clear that defendants have not raised any new issues or legal arguments that they did not raise in their own earlier summary judgment Opening Brief. (D.I. 62). Given that plaintiff has already exhaustively responded to these same arguments in plaintiff's own Answering Brief in opposition to defendants' summary judgment motion (D.I. 79), plaintiff need not tread over the same ground again and waste judicial resources in doing so. Accordingly, with the limited exceptions discussed above, plaintiff relies upon the well-reasoned facts and legal arguments contained in his aforementioned Answering Brief (D.I. 79), as well as his earlier Opening Brief in support of his motion for summary judgment. (D.I. 64).

## CONCLUSION

For the above stated reasons, the Court should grant summary judgment for plaintiff on liability for his First Amendment speech and petition clause counts and order a trial on damages.

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

        **MARTIN D. HAVERLY, ESQ. (#3295)**
        **MARTIN D. HAVERLY, ATTORNEY AT LAW**
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801
        (302) 654-2255
        Martin@HaverlyLaw.com

Dated: February 17, 2006        Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on February 17, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Robert Fitzgerald, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>
>Richard M. Donaldson, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

Foraker/ Pleadings / Foraker - SJRB.final