## MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP
ATTORNEYS AT LAW

RICHARD MONTGOMERY DONALDSON
Admitted in Delaware, Pennsylvania & New Jersey

Direct Dial
302-504-7840

rdonaldson@mmwr.com

300 Delaware Avenue, Suite 750
Wilmington, DE 19801
302-504-7800
Fax 302-504-7820

123 South Broad Street
Avenue of the Arts
Philadelphia, PA 19109
215-772-1500
Fax 215-772-7620

LibertyView
457 Haddonfield Road, Suite 600
Cherry Hill, NJ 08002
856-488-7700
Fax 856-488-7720

1235 Westlakes Drive, Suite 200
Berwyn, PA 19312
610-889-2210
Fax 610-889-2220

March 9, 2006

**VIA ECF FILING**

The Honorable Gregory M. Sleet
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Room 4324
Lockbox 19
Wilmington, DE 19801

      Re:    **Plaintiffs' Citation of Supplemental Authority
Price v. Chaffinch, No. 04-956-GMS
Foraker v. Chaffinch, No. 04-1207-GMS**

Dear Judge Sleet:

      By letter dated March 3, 2006, Plaintiffs brought to the attention of the Court the Third Circuit's recent opinion in Monteiro v. City of Elizabeth, 436 F.3d 397 (3d Cir. 2006). The Plaintiffs contend that Defendants' qualified immunity defenses should be rejected because, according to Plaintiffs, Monteiro makes clear that summary judgment may not be entered on a qualified immunity defense "when there is a factual dispute as to whether the defendant public official was motivated by illegal or legal reasons" in taking an allegedly adverse action.

      We submit this brief letter response to demonstrate that Plaintiffs' reliance on Monteiro is misplaced. Even assuming that Plaintiffs' interpretation of the Monteiro holding is accurate, that case is distinguishable from the two cases pending before this Court.

      To determine whether a defendant is entitled to qualified immunity, a court must first decide "whether a constitutional right would have been violated on the facts alleged." McKee v. Hart, 436 F.3d 165, 169 (3d Cir. 2006) (internal quotations omitted). Assuming the violation is sufficiently alleged, the court must take a second step and "consider whether the [constitutional] right was 'clearly established.'" Id. (quotations omitted). A right is "clearly established" if its "contours are sufficiently clear that a reasonable official would understand that what he is doing

MONTGOMERY, MCCRACKEN, WALKER & RHOADS, LLP

The Honorable Gregory M. Sleet.
March 9, 2006
Page 2

violates that right." Id. at 171 (quoting McLaughlin v. Watson, 271 F.3d 566, 571 (3d Cir. 2001)). In other words, "there must be sufficient precedent at the time of the action, factually similar to the plaintiff's allegations, to put [the] defendant on notice that his or her conduct is constitutionally prohibited." Id. (citation omitted).

In Monteiro, the court addressed only the first step of the qualified immunity analysis, *i.e.*, whether the defendant violated the plaintiff's constitutional rights. In that case, the plaintiff asserted that the defendant had violated his First Amendment rights when she had the plaintiff forcibly removed from a city council meeting; the defendant claimed qualified immunity. Resolution of that issue hinged entirely on a factual question regarding whether defendant's motive was improper. Id. at 404-05 (noting that case concerned circumstance "in which a constitutional violation depends on evidence of specific intent"); id. at 406 (emphasizing that case concerned circumstance in which "a constitutional violation depends on evidence of improper intent"). Given that specific factual dispute, the court held that the jury must decide the question. Id. at 405.

In contrast, the qualified immunity defense raised by Defendants Chaffinch and MacLeish *does not* call upon the Court to make a factual determination that otherwise is in the province of the jury. Moreover, Defendants' immunity *does not* stand or fall on questions about the purity of their motives. Unlike the defendant in Monteiro, Defendants here look to the *second* prong of the McKee immunity analysis in arguing that there is no evidence of a "clearly established" right whose "contours were sufficiently clear that a reasonable official would understand that what he is doing violates that right." Even assuming *arguendo* that Defendants were motivated by improper feelings toward the Plaintiffs when they undertook the employment actions at issue (*e.g.*, indirect and truthful comments about job performance, minor modifications of job responsibilities, and proper application of written policies), there was no existing case-law by which Defendants could reasonably have understood that they acted in a manner sufficiently adverse to Plaintiffs to violate a "clearly established" constitutional right. Monteiro is silent on this pertinent issue, and thus has no bearing on the cases now before the Court. Rather, as fully discussed in Defendants' summary judgment briefing, these cases fall squarely within the scope of the recently-decided McKee case. 437 F.3d at 174 (holding that then-existing precedent "did not define the bounds of a retaliatory harassment cause of action with sufficient specificity … such that [the defendant] would have been on notice that his conduct was constitutionally prohibited").

Montgomery, McCracken, Walker & Rhoads, llp

The Honorable Gregory M. Sleet.
March 9, 2006
Page 3

   We are reluctant to burden the Court with a more lengthy submission unless the Court desires further briefing on this issue.  In this regard, of course, we are at the Court's disposal.

          Respectfully yours,

          */s/ Richard M. Donaldson*

          Richard M. Donaldson


RMD/saa
Cc: Thomas Stephen Neuberger, Esq. (via ECF Service)
   Stephen J. Neuberger, Esq. (via ECF Service)
   Martin D, Haverly, Esq. (via ECF Service)