# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CORPORAL B. KURT PRICE, et al., | : |
| | : |
| Plaintiffs, | : |
| | : C.A. No. 04-956-GMS |
| v. | : |
| | : |
| COLONEL L. AARON CHAFFINCH, et al., | : |
| | : |
| Defendants. | : |

_____

| | |
|---|---|
| SERGEANT CHRISTOPHER FORAKER, | : |
| | : |
| Plaintiff, | : |
| | : C.A. No. 04-1207-GMS |
| v. | : |
| | : |
| COLONEL L. AARON CHAFFINCH, et al., | : |
| | : |
| Defendants. | : |

**ANSWERING BRIEF
IN OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE
TO PRECLUDE EXPERT TESTIMONY OF BRIAN P. SULLIVAN**

Date: March 14, 2006

Noel C. Burnham (DE Bar # 3483)
Richard M. Donaldson (DE Bar I.D. #4367)
Montgomery, McCracken, Walker & Rhoads, LLP
300 Delaware Avenue, Suite 750
Wilmington, DE 19801
(302) 504-7840

*Counsel for Defendants L. Aaron Chaffinch,
Thomas F. MacLeish, David B. Mitchell, and the
Division of State Police, Department of Safety and
Homeland Security, State of Delaware*

**I.      INTRODUCTION**

Plaintiffs' motion to preclude the testimony of Brian P. Sullivan, Ph.D., Defendants' expert on Plaintiffs' alleged economic losses, is frivolous and should be denied.[1]  Dr. Sullivan's proffered testimony is entirely within his competence as an economist, and his testimony is addressed solely to Plaintiffs' economic damages.

**II.     ARGUMENT:  SULLIVAN IS AN ECONOMIST WHO WILL TESTIFY ABOUT ECONOMIC LOSS AND NOT VOCATIONAL ISSUES.**

Plaintiffs *do not dispute* Brian Sullivan's credentials as an economist.  Rather, they seek to limit the testimony of Dr. Sullivan for two reasons.  First, they say that he renders opinions "as to whether or not plaintiffs can, after leaving the DSP, obtain a job which would afford them the large compensation packages used in his reports," which are vocational and not economic opinions.  (Pls.' Mot. 2-3.)  Second, Plaintiffs contend that, contrary to the practice of economic experts, Sullivan did not use a proper economic survey to reach his conclusions.  (Id. at 2 (stating that Sullivan's reports "refer to an 'above mentioned survey" which is never mentioned;" see also id. at 4 (arguing that Sullivan "fails to adequately cite surveys").)  Plaintiffs apparently have not read Sullivan's report carefully, and neither of Plaintiffs' objections supports precluding Sullivan's testimony.

**A.     Sullivan's "Vocational" Assumptions Come From Plaintiffs' Own Expert.**

To determine the wage loss suffered by Plaintiffs, Sullivan accepts for purposes of his reports that all three Plaintiffs can "secure employment as a manufacturing sales representative … with first year earnings equal to $33,486."  (Sullivan Report re Kurt Price at 3 (Pls.' Mot. Ex. D); Sullivan Report re Wayne Warren at 3 (Pls.' Mot. Ex. C); see also Sullivan Report re

---

[1] Plaintiffs' Motion was filed as Docket Index No. 107 in Price v. Chaffinch, No. 04-956 (D. Del.) and Docket Index No. 90 in Foraker v. Chaffinch, No. 04-1207 (D. Del.).

Christopher Foraker at 3 (Pls.' Mot. Ex. b).) As he explicitly notes in his reports, Sullivan's calculations of Plaintiffs' potential alternate employment and earning capacity are based on the reports of the Plaintiffs' own vocational expert, Jose Castro.[2] (Id.; see Castro Report re Price/Warren Report at 6 (Pls.' Mot. Ex. K); Castro Report re Foraker at 7 (Pls.' Mot. Ex. J).) Both sides accept Castro's analysis as a starting point for economic loss calculations.

### B. Sullivan Relied on Appropriate Surveys in Calculating Future Wages.

Having accepted Castro's determination about employment opportunities and projected salary, Sullivan then did what economic experts do – he applied relevant surveys and sound economic practices to predict Plaintiffs' future wages. Plaintiffs' Opening Brief suggests that in their review of Sullivan's report, they missed this step and, as a result, have asserted that Sullivan failed to cite any grounds for his conclusions. However, Sullivan explicitly identifies in bold-font heading Dartnell's 30th Sales Force Compensation Survey as his primary source for the economic calculations in his report. Thus, Sullivan has relied on an appropriate economic survey to forecast Plaintiffs' damages, and Plaintiffs' claims to the contrary are simply wrong.

### III. CONCLUSION

Defendants do not seek to introduce Dr. Sullivan as an expert on "vocational" matters; nor does Dr. Sullivan intend to testify about such issues. As is readily clear from his reports, Dr. Sullivan is an economic expert who uses the tools appropriate for economic determinations. Where vocational issues come into play, Sullivan relies on Plaintiffs' vocational expert. Accordingly, the Court should deny Plaintiffs' Motion in Limine to Preclude Expert Testimony of Brian P. Sullivan.

---

[2] Although Plaintiffs' economic expert does not identify where he got his numbers, he does note that he was "advised" that, assuming they leave the DSP, all three Plaintiffs will be employed at jobs paying $30,000 to $35,000 a year. Plaintiffs do not attempt to explain how when their economist makes an assumption that is entirely

-3-

                              Respectfully submitted,

Date:  March 14, 2006                         */s/ Noel C. Burnham*
                                          Noel C. Burnham (DE Bar No. 3483)
                                          Richard M. Donaldson (DE Bar No. 4367)
                                          Montgomery, McCracken, Walker & Rhoads, LLP
                                          300 Delaware Avenue, Suite 750
                                          Wilmington, DE 19801
                                          Telephone:  (302) 504-7840
                                          Facsimile:  (302) 504-7820

                                          Edward T. Ellis
                                          Robert J. Fitzgerald
                                          Montgomery, McCracken,
                                             Walker & Rhoads, LLP
                                          123 South Broad Street
                                          Philadelphia, PA  19109
                                          (215) 772-1500

                                          *Counsel for Defendants L. Aaron Chaffinch,*
                                          *Thomas F. MacLeish, David B. Mitchell, and the*
                                          *Division of State Police, Department of Safety and*
                                          *Homeland Security, State of Delaware*

---

consistent with Defendants' economic expert, their economist is offering a valid opinion, but Defendants' is engaging in "unsupported speculation."  (Pls.' Mot. 4.)

## CERTIFICATE OF SERVICE

This is to certify that two (2) copies of the Answering Brief in Opposition to Plaintiffs' Motion in Limine to Preclude Expert Testimony of Brian P. Sullivan were served by first class mail this 14th day of March 2006 on:

>Thomas Stephen Neuberger, Esquire
>Stephen J. Neuberger, Esquire
>The Neuberger Firm, P.A.
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801
>
>Martin D. Haverly, Esquire
>Two East Seventh Street
>Suite 302
>Wilmington, DE  19801-3707
>
>*Attorneys for Plaintiffs*

>/s/ Noel C. Burnham
>_____
>Noel C. Burnham (DE Bar No. 3483)