# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

### PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION IN LIMINE TO LIMIT THE CROSS EXAMINATION OF CAPTAIN GLENN DIXON

**THE NEUBERGER FIRM, P.A.**
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

**MARTIN D. HAVERLY, ATTORNEY AT LAW**
**MARTIN D. HAVERLY, ESQ. (#3295)**
Two East Seventh Street, Suite 302
Wilmington, DE 19801
(302) 654-2255
Martin@HaverlyLaw.com

Attorneys for Plaintiffs

Dated: March 21, 2006

On March 14, 2006, defendants filed their Answering Brief ("AB") in response to plaintiffs' February 24, 2006 Motion in Limine to Limit the Cross Examination of Capt. Glenn Dixon. (<u>Foraker</u> - D.I. 94; <u>Price</u> - D.I. 112). This is plaintiffs' Reply Brief in Support of Their Motion in Limine.

**Discussion**

**A. Chaffinch's Sworn Testimony Contradicts His Present Assertions of Distrust.** In his August 30, 2005 deposition, Chaffinch unequivocally admitted he very well "may have" gone down to the Traffic Section in order to have the conversation with Capt. Conley and Capt. Dixon. (Chaffinch 177, 181-82; A469,471). This is explained by the fact that he "would just periodically stop in there and just talk about things." (Dixon 64; A539). Yet in the face of Chaffinch's own sworn testimony, defendants now claim Chaffinch did not trust Conley and Dixon and he would never go down to the Traffic Section in order to have a conversation with them. (AB at 1). Obviously, the defendants are trying to perform damage control in light of Chaffinch's testimony. But defendants cannot hide from their own sworn admissions given under oath. Chaffinch clearly admitted that the conversation "may have" occurred and is accordingly bound by his admission. (Chaffinch 177,182; A469,471).[1]

**B. Defendants' Abuse of the Federal Rules of Evidence.** After disingenuously asserting that the conversations with Conley and Dixon never occurred, defendants give two reasons in support of their assertions. Defendants claim, for the first time, that Chaffinch did not trust Conley and Dixon and

---

[1] Plaintiffs respectfully submit that a variation on the sham affidavit doctrine is appropriate to the present situation. See <u>Martin v. Merrell Dow Pharmaceuticals, Inc.</u>, 851 F.2d 703, 705-06 (3d Cir. 1988); <u>Baer v. Chase</u>, 392 F.3d 609, 623-26 (3d Cir. 2004). When an affidavit clearly contradicts prior sworn testimony and no satisfactory explanation is offered for the contradiction, it allows a court to disregard the affidavit and not allow it to create a genuine issue of material fact which would otherwise preclude summary judgment. <u>Martin</u>, 85 F.2d at 705-06. The idea behind the doctrine is that Fed.R.Civ.P. 30(e) "cannot be interpreted to allow one to alter what was said under oath." <u>Burns v. Bd. of County Commissioners of Jackson County</u>, 330 F.3d 1275, 1282 (10th Cir. 2003). Similarly, Chaffinch should not be allowed to alter what he testified to under oath. Of course, defendants have failed to create a proper evidentiary record to support their contradictory and belated assertions - they submitted no affidavits, declarations or errata sheets to contradict Chaffinch's prior sworn testimony. Accordingly, they have failed to create a proper record. See, e.g. <u>Darchia v. Ashcroft</u>, 101 Fed.Appx. 373, 376 (3d Cir. 2004) (legal and factual "determinations must be based on evidence in the record, rather than speculation or conjecture.").

therefore "did not feel comfortable confiding in them." (AB at 1). Defendants claim that the alleged love affair and Conley's alleged high-fiving of another DSP Captain had an effect on Chaffinch leading him to distrust them, therefore the conversations at issue never took place. Defendants' argument is not only disingenuous, it is irrelevant since Chaffinch already admitted the conversation may have occurred. So even assuming *arguendo* that Chaffinch distrusted Conley and Dixon, it plainly did not prevent him from having the conversation.

Defendants made clear their intent to smear Dixon and Conley when they embarked on their baseless line of questioning at Dixon's deposition. Yet when plaintiffs called them on the carpet for such an improper and abusive line of questioning, defendants were unable to offer any evidence to support their actions.[2] Instead, defendants only provided double and triple hearsay from the DSP rumor mill, along with an heaping serving of speculation and conjecture.[3]

Now in an 11th hour effort, defendants belatedly claim the testimony is being offered to show "the effect the events had on [Chaffinch]" and not for its truth. Yet this fails for three reasons. First, such an explanation is clearly pretextual. This is quickly demonstrated by reference to defendants' own line of deposition questioning of Dixon where the true illicit nature of the defense smear tactic was made abundantly clear to all.

Second, defendants contradict themselves on this point and instead make clear they seek to use this evidence for its alleged truth value. In the second to last sentence of their Answer\ing Brief, they state that they should be permitted to attack Dixon's credibility with admittedly false allegations. (AB at 3 - "if Chaffinch's attorneys can cast doubt on Dixon's veracity through cross-examination, they should be allowed to do so"). As officers of the court with obligations to the legal system, defense counsel are

---

[2] Given their lack of evidence, defendants now begrudgingly acknowledge the falsity of their accusations, conceding that "[w]hether the statements ... are true is not the point." (AB at 2).

[3] These alleged comments to Chaffinch fail to prove anything, except perhaps that Chaffinch was privy to the DSP rumor mill. Cf. Bullen v. Chaffinch, 336 F.Supp.2d 342, 355 (D.Del. 2004) (noting the record testimony that life in the DSP has a "soap opera" quality to it). They do not prove the bias asserted nor do they survive scrutiny under Federal Rules of Evidence 602, 801-02 and 403.

2

barred from presenting false evidence.[4] This should have gone without saying. And the falsity of this evidence has been revealed by defendants' admissions, as well as their interrogatory answers which make clear they lack any good faith basis to attack Dixon or Conley's credibility in this manner.

Lastly, their claim rings hollow in the face of Chaffinch's own sworn testimony. He already admitted the conversation "may have" occurred. (Chaffinch 177,182; A469,471). Obviously at the time of his deposition testimony he did not harbor this distrust of Conley or Dixon. Chaffinch could just as easily have testified that the conversation never occurred because he did not trust them - but he did not. He is bound by his own words and may not now run from them because he finds them to be terribly inconvenient and not of much help.

As plaintiffs discussed in their opening motion, this improper line of questioning violates several Federal Rules of Evidence. It is not based upon the personal knowledge of a competent witness, Fed.R.Evid. 602, nor is it capable of surviving a hearsay challenge. Fed.R.Evid. 801-02. Lastly, it plainly violates Fed.R.Evid. 403 as the prejudice, delay and confusion of the issues caused by the introduction of such an improper topic substantially outweighs the marginal relevance of the testimony.[5]

**D. Conclusion.** Consequently, for the reasons discussed at length above and in plaintiffs' Motion in Limine, defendants should be prohibited from pursuing this smear campaign and attack on Capt. Dixon in its cross-examination of him and also precluded from raising these issues in any way whatsoever in either the Foraker or the Price cases.

---

[4] See, e.g. Model Rule of Professional Conduct 3.4(e) (a lawyer shall not "in trial, allude to any matter that the lawyer does not reasonably believe [to be] supported by admissible evidence"); id. at 3.4(b) (a lawyer shall not "falsify evidence, counsel or assist a witness to testify falsely"); id. at 3.3(a)(3) (a lawyer shall not knowingly "offer evidence that the lawyer knows to be false"); id. at cmt. 3 ("an assertion purporting to be on the lawyer's own knowledge ... may properly be made only when the lawyer knows the assertion is true or believes it to be true on the basis of a reasonably diligent inquiry").

[5] Plaintiffs again note the undue prejudice caused by such a speculative attack, one which defendants themselves concede to be baseless. Despite the cavalier tone of the defense brief, accusations of marital infidelity should not be made lightly. At the very least, defendants must come up with some evidence to place on their sides of the scales in the Fed.R.Evid. 403 balancing - which they have not.

3

        Respectfully Submitted,

        **THE NEUBERGER FIRM, P.A.**

        /s/ Stephen J. Neuberger
        **THOMAS S. NEUBERGER, ESQ. (#243)**
        **STEPHEN J. NEUBERGER, ESQ. (#4440)**
        Two East Seventh Street, Suite 302
        Wilmington, DE 19801
        (302) 655-0582
        TSN@NeubergerLaw.com
        SJN@NeubergerLaw.com

Dated: March 21, 2006        Attorneys for Plaintiffs

## **CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 21, 2006, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Robert Fitzgerald, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>
>Richard M. Donaldson, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE 19801

>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

Foraker / Pretrial / Reply in Support of Motion in Limine - Capt. Dixon.final