IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' UNTIMELY MOTIONS IN LIMINE
FOR FAILURE TO COMPLY WITH THE
RULE 16 SCHEDULING ORDER**

Plaintiffs Move to Strike defendants' untimely motions in limine for failure to comply with the express terms of the Rule 16 Scheduling Order.

**A. Introduction.** The Rule 16 Scheduling Order was entered in these cases in February 2005. (See Price at D.I. 15 and subsequent SO ORDERED; and Foraker at D.I. 10 and subsequent SO ORDERED). The Scheduling Order required that all motions in limine be submitted so that related briefing would be completed by March 21, 2006. (Scheduling Order at ¶ 10). The Court's motion in limine and scheduling order requirements in this regard are not new and instead are well known to attorneys who practice in the District of Delaware.

In accord with the requirements of the Scheduling Order, plaintiffs filed several motions in limine on February 28th - the date which allowed all briefing to be completed by the March 21, 2006 cut-

-2-

off. (See Price at D.I. 106-07; Foraker at D.I. 89-90). Defendants did not. As a result, plaintiffs reasonably believed that defendants had chosen not to file any motions in limine.

Several weeks later, defendants filed several untimely motions in limine on March 15th and March 17th which violate the requirements of the Scheduling Order. (See Foraker at D.I. 95; Price at 113, 117). As a result of defendants' belated filings, briefing cannot be completed by March 21st, a date which has already passed. See D.Del. L.R. 7.1.2(a) (setting forth our District's briefing rules). Accordingly, plaintiffs have moved to strike defendants' untimely motions for failure to comply with the explicit terms of the Court's Rule 16 Scheduling Order.

**B. Discussion.** The Court's Rule 16 Scheduling Order requirements and procedures are very clear. They are not newly created. Attorneys who practice before this Court are well aware of their requirements and also of the consequences of failing to comply with them. If there is any doubt as to what the Court requires, the text of the Scheduling Order makes it clear and explicitly states that briefing on motions in limine must be completed by March 21, 2006. This issue also is discussed during the Rule 16 scheduling conference in chambers when the Court gives the motions in limine date.

Plaintiffs planned their trial and pretrial schedules around the dates set forth by the Court in its Order more than one year ago. Plaintiffs carved out attorney time in early March to be able to respond to any defense motions that might be filed. When none were filed, plaintiffs proceeded accordingly.

Defendants then filed their untimely motions in limine several weeks later.[1] In addition to failing to comply with the Court's requirements, plaintiffs also have suffered prejudice by these late filings. In their motions, defendants seek to exclude substantial portions of plaintiffs' anticipated trial testimony. Yet unlike in early March when, in reliance on the Scheduling Order, counsel carved out time and resources to be able to respond to any defense motions in limine, now due to scheduling conflicts relating to a pending trial before Judge Farnan, as well as pretrial and other legal obligations in this and several

---

[1] It is notable that defendants did not file only a day or two late, a delay which might be understandable if perhaps a holiday threw off briefing calculations.

off. (See Price at D.I. 106-07; Foraker at D.I. 89-90). Defendants did not. As a result, plaintiffs reasonably believed that defendants had chosen not to file any motions in limine.

Several weeks later, defendants filed several untimely motions in limine on March 15th and March 17th which violate the requirements of the Scheduling Order. (See Foraker at D.I. 95; Price at 113, 117). As a result of defendants' belated filings, briefing cannot be completed by March 21st, a date which has already passed. See D.Del. L.R. 7.1.2(a) (setting forth our District's briefing rules). Accordingly, plaintiffs have moved to strike defendants' untimely motions for failure to comply with the explicit terms of the Court's Rule 16 Scheduling Order.

**B. Discussion.** The Court's Rule 16 Scheduling Order requirements and procedures are very clear. They are not newly created. Attorneys who practice before this Court are well aware of their requirements and also of the consequences of failing to comply with them. If there is any doubt as to what the Court requires, the text of the Scheduling Order makes it clear and explicitly states that briefing on motions in limine must be completed by March 21, 2006. This issue also is discussed during the Rule 16 scheduling conference in chambers when the Court gives the motions in limine date.

Plaintiffs planned their trial and pretrial schedules around the dates set forth by the Court in its Order more than one year ago. Plaintiffs carved out attorney time in early March to be able to respond to any defense motions that might be filed. When none were filed, plaintiffs proceeded accordingly.

Defendants then filed their untimely motions in limine several weeks later.[1] In addition to failing to comply with the Court's requirements, plaintiffs also have suffered prejudice by these late filings. In their motions, defendants seek to exclude substantial portions of plaintiffs' anticipated trial testimony. Yet unlike in early March when, in reliance on the Scheduling Order, counsel carved out time and resources to be able to respond to any defense motions in limine, now due to scheduling conflicts relating to a pending trial before Judge Farnan, as well as pretrial and other legal obligations in this and several

---

[1] It is notable that defendants did not file only a day or two late, a delay which might be understandable if perhaps a holiday threw off briefing calculations.

-3-

other cases, plaintiffs no longer have sufficient time or resources to respond to the issues belatedly raised by defendants. Thus, plaintiffs have suffered demonstrable prejudice by defendants untimely filings.

**C. Conclusion.** Accordingly, because defendants have failed to comply with the plain terms of the deadlines set forth in the Rule 16 Scheduling Order and because plaintiff has suffered prejudice as a result, defendants' untimely motions in limine should be stricken.

Plaintiff waives an opening brief in support of this Motion.

Respectfully Submitted,

**THE NEUBERGER FIRM, P.A.**

/s/ Stephen J. Neuberger
**THOMAS S. NEUBERGER, ESQ. (#243)**
**STEPHEN J. NEUBERGER, ESQ. (#4440)**
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655-0582
TSN@NeubergerLaw.com
SJN@NeubergerLaw.com

Dated: March 28, 2006          Attorneys for Plaintiff

**LOCAL RULE 7.1.1 STATEMENT**

Counsel certifies that he contacted defense counsel to determine their position on this motion. Defendants refused to withdraw their motions in limine.

/s/ Stephen J. Neuberger
**STEPHEN J. NEUBERGER, ESQ.**

-4-

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **CORPORAL B. KURT PRICE, et al.,** | : | |
| | : | |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | C.A.No.04-956-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

| | | |
|---|---|---|
| **SERGEANT CHRISTOPHER D. FORAKER,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | C.A.No.04-1207-GMS |
| | : | |
| **COLONEL L. AARON CHAFFINCH, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

This _____ day of _____, 2006, it is hereby ORDERED that defendants' motions in limine (<u>Price</u> at D.I. 113,117; and <u>Foraker</u> at D.I. 95) are stricken as untimely for failure to comply with the Rule 16 Scheduling Order.

                                                 **THE HONORABLE GREGORY M. SLEET, U.S.D.J.**

-5-

**CERTIFICATE OF SERVICE**

I, Stephen J. Neuberger, being a member of the bar of this Court do hereby certify that on March 28, 2006, I electronically filed this **Motion** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

>Robert Fitzgerald, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>123 South Broad Street
>Philadelphia, PA 19109
>
>Richard M. Donaldson, Esquire
>Montgomery McCracken Walker & Rhoads, LLP
>300 Delaware Avenue, Suite 750
>Wilmington, DE 19801
>
>/s/ Stephen J. Neuberger
>**STEPHEN J. NEUBERGER, ESQ.**

FTU /Briefs / Motion to Strike D's Untimely M in L's.final